IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WILLIAM KAMPWERTH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 18−cv–11−JPG |
| | ) | |
| MADISON COUNTY SHERIFF'S DEPARTMENT, SHERIFF LAKIN, CAPTAIN BOSS, CAPTAIN JOSEPH, JANE DOE, ROBERT BLANKENSHIP, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff William Kampwerth, an inmate in Madison County Jail, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. In his Amended Complaint, Plaintiff claims the defendants were deliberately indifferent to his serious medical needs. (Doc. 10). This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds that the Amended Complaint is subject to summary dismissal.

### **The Amended Complaint**

In his Amended Complaint (Doc. 10), Plaintiff makes the following allegations: Plaintiff came from the Illinois Department of Corrections December 22, 2014 to February 5, 2015. (Doc. 10, p. 6). He was on Risperdol, which did not work for him. *Id.* Plaintiff told the nurses, but they told him his Invega shot was over two months old and refused to give it to him. *Id.* They did this despite knowing that he needs his Invega shot "[f]rom when [he] hung [himself] in 2013 they gave it to [him] and sent [him] to prison where [their] medicine did not work." *Id.*

"The doctor, Sheriff, and Captain denied [Plaintiff his] shot . . . until after [he] hung [himself] and was strapped to the chair." *Id.* Plaintiff was then found "unfit" and he was sent to Chester. *Id.* Now, he is "back and getting [his] shot." *Id.* Plaintiff "was in the chair for 8 days and [his] feet swelled up from 11 to 15 inch sandals. [He] was barely eating." (Doc. 10, p. 7). The Doctor told him that he would get Plaintiff his shot if he got out of the chair. *Id.* The

Sheriff, Captain Joseph, Dr. Robert Blankenship, and Nurse Jane Doe "all knew." *Id.* Captain Boss "knew from what happened in 2013 when [Plaintiff] first hung [himself]." *Id.*

Plaintiff requests monetary damages from the defendants. (Doc. 10, p. 8).

## **Discussion**

The Court will begin its discussion of Plaintiff's claims with a word about the parties. Plaintiff failed to include allegations against the Madison County Sheriff's Department in his statement of claim, despite the requirement that plaintiffs associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 at 555; FED. R. CIV. P. 8(a)(2). Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Plaintiff has failed to state a claim against Madison County Sheriff's Department for this reason, so it will be dismissed from this action without prejudice.

Moving to the allegations of the Amended Complaint, the Court finds it convenient to designate a single new count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Defendants showed deliberate indifference to Plaintiff's serious medical need in violation of the Eighth or Fourteenth Amendment by failing to give him his shot of Invega.

As discussed in more detail below, Count 1 will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

## Count 1

Pursuant to Federal Rule of Civil Procedure 8, in order to state a claim, a pleading must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(1). "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Although a district court is "not authorized to dismiss a complaint merely because it contains repetitious and irrelevant matter, . . . dismissal of a complaint on the ground that it is unintelligible is unexceptional. Plaintiff's Amended Complaint, at times, is unreadable due to the quality of the photocopying.[1] *See* (Doc. 10, p. 6). It is also disjointed and difficult to follow. Instead of providing a clear, chronological recitation of the facts and including allegations describing the involvement of the named defendants, the Amended Complaint jumps around and discusses the involvement of the defendants in very general, somewhat confusing terms.

As noted above, an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Plaintiff's Amended Complaint does not cross this threshold. The allegations do not clearly establish what Plaintiff's medical need is, so the Court is left to guess the reason Plaintiff needs an Invega shot. The defendants would face this same question if this case proceeded past threshold. The allegations are also so vague and devoid of context that the court cannot infer the state of mind of any of the named defendants or consider whether their

---

[1] Along with implicating Rule 8, the illegibility of portions of Plaintiff's Amended Complaint flouts this Court's local rules. All pleadings presented for filing in this District must be "plainly typewritten, printed, or prepared by a clearly legible duplication process and double-spaced." *See* SDIL-LR 5.1(b).

actions were reasonable under the circumstances. For this reason, the Amended Complaint will be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that the Amended Complaint (Doc. 10) and **COUNT 1** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **MADISON COUNTY SHERIFF'S DEPARTMENT**, **SHERIFF LAKIN**, **CAPTAIN BOSS**, **CAPTAIN JOSEPH**, **JANE DOE**, and **ROBERT BLANKENSHIP** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a Second Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this order (on or before **May 14, 2018**). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because Plaintiff has thus far failed to state a claim upon which relief may be granted in this case.

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-11-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by*

*name*, the defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the Second Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: April 16, 2018**

<u>s/J. Phil Gilbert</u>
United States District Judge
