# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM KAMPWERTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv−11−JPG |
| ) | |
| MADISON COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| SHERIFF LAKIN, ) | |
| CAPTAIN BOSS, ) | |
| CAPTAIN JOSEPH, ) | |
| JANE DOE, ) | |
| ROBERT BLANKENSHIP, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

On January 4, 2018, Plaintiff William Kampwerth filed a Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. His Complaint was dismissed for failure to state a claim upon which relief could be granted. (Doc. 9). Soon thereafter, he filed an Amended Complaint (Doc. 10). The Amended Complaint was dismissed on April 16, 2018 for failure to state a claim upon which relief could be granted. (Doc. 11). The dismissal was without prejudice to Plaintiff filing an second amended complaint on or before May 14, 2018. *Id.* That deadline has now passed. Plaintiff has not filed a second amended complaint. He also has failed to request an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court and failure to prosecute. FED. R. CIV. P. 41(b); *see Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Further, because the

1

Amended Complaint failed to state a claim upon which relief may be granted, this dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(A)(4). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockish*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 22, 2018**

**s/ J. PHIL GILBERT**
**J. PHIL GILBERT**
**United States District Judge**